# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KENNETH L. MORRIS,

                    Plaintiff,

v.                                                    Case No. 23-CV-1530-JPS

JASON MCHUGH and PAUL
LUDVIGSON,                                            **ORDER**

                    Defendants.

---

Plaintiff Kenneth L. Morris, an inmate confined at Waupun Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On December 28, 2023, the Court screened Plaintiff's complaint, found that it failed to state a claim, and allowed him to file an amended complaint. ECF No. 7. On January 8, 2024, Plaintiff filed an amended complaint. ECF No. 8. This order screens Plaintiff's amended complaint.

## 1.      FEDERAL SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil

Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2.    PLAINTIFF'S ALLEGATIONS

Plaintiff pursues claims against Defendants Jason McHugh ("McHugh") and Paul Ludvigson ("Ludvigson") ECF No. 8 at 1. Plaintiff was transferred to the Wisconsin Resource Center ("WRC") on September 7, 2023, and remained there through October 25, 2023. *Id.* at 2. Plaintiff filed an inmate complaint against McHugh and Ludvigson about being housed at WRC near the six staff members that he had previously filed a lawsuit against in Case No. 22-CV-1419. *Id.* at 2–3. Plaintiff asked McHugh and

Ludvigson for an emergency transfer out of WRC because he was suffering retaliation, harassment, and a substantial risk of physical harm from WRC staff. *Id.* at 3. McHugh and Ludvigson both knew about the harm to Plaintiff and the risk of future harm, but they both chose to disregard that risk. *Id.* Plaintiff generally alleges that he received death threats and was tortured by staff. *Id.* at 4. As a result of Defendants' actions, Plaintiff was kept in an unsafe environment for over a month. *Id.* Plaintiff alleges that Defendants deprived him of the minimal civilized measures of life necessities, and therefore violated his constitutional rights. *Id.*

**3.    ANALYSIS**

First, the Court finds that Plaintiff may not proceed on a First Amendment retaliation claim against any defendant. To prevail on a retaliation claim, Plaintiff must ultimately show that: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014).

Here, Plaintiff alleges that Defendants retaliated against him for filing prior lawsuits. It is well established that a prisoner's ability to file complaints is protected by the First Amendment. *See Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016). As for the second element, Plaintiff alleges suffering deprivations—that he faced substantial risk of physical harm— that, we can infer, would likely dissuade a person of ordinary firmness from exercising further First Amendment activity. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (prison transfer likely to deter). However, he does not allege any facts to show that his prior lawsuits were a motivating factor in Plaintiff's treatment by either named defendant. Plaintiff's allegations are

too vague and do not provide the Court sufficient information concerning Defendants' motivations for any action or lack thereof. The Court therefore finds that Plaintiff's allegations fail to state a First Amendment retaliation claim.

Second, the Court finds that Plaintiff may not proceed on an Eighth Amendment deliberate indifference claim. The Eighth Amendment requires prison officials to take "reasonable measures to guarantee the safety of the inmates." *Balsewicz v. Pawlyk*, 963 F.3d 650, 654 (7th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "This means that a constitutional violation inheres in a prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate." *Id.* (citing *Farmer*, 511 U.S. at 828). Deliberate indifference has an objective component and a subjective component. *Id.* To satisfy the objective component, the prisoner must have been exposed to a harm that was objectively serious. *Id.* (citing *Farmer*, 511 U.S. at 834). Under the subjective component, the prison official must have known of and disregarded an excessive risk to the inmate's health or safety. *Id.* (citing *Farmer*, 511 U.S. at 837–38). That is, the official must have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and he must have "draw[n] th[at] inference." *Id.* (quoting *Farmer*, 511 U.S. at 837). But liability does not attach if the prison official takes reasonable measures to abate the known risk. *Id.* (citing *Farmer,* 511 U.S. at 844).

Here, as it did in the initial screening order, the Court finds that Plaintiff's allegations do not rise to the level of an Eighth Amendment deliberate indifference claim against Defendants. Plaintiff generally alleges that he faced a substantial risk of physical harm from WRC staff. He alleges that McHugh and Ludvigson both knew about the harm to Plaintiff by

WRC staff but that they chose to disregard that risk. However, Plaintiff's generalized allegations of a risk of harm, without any specific facts, are insufficient to state a constitutional claim. Plaintiff's allegations do not include specific facts that an inference could be drawn that a substantial risk of serious harm existed. As such, the Court finds that Plaintiff may not proceed on an Eighth Amendment deliberate indifference claim.

4. **CONCLUSION**

In sum, the Court finds that the amended complaint fails to state a claim upon which relief may be granted. Plaintiff was already provided the opportunity to amend his complaint based on the Court's guidance in the initial screening order, and he failed to amend his factual allegations in any meaningful way. The Court therefore finds that further amendment would be futile. *See Runnion ex rel. Runnion v Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). As such, the Court is obliged to dismiss this action for the failure to state a claim and will accordingly assess a "strike" under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the failure to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of May, 2024.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.